### No. 492.

SUCCESSION OF E. HART. Opposition of CORNELIA HART, Tutrix.

The Public Administrator, in this instance, is only entitled to two and a half per cent. commissions on the collections he made. He was acting in the capacity of an ordinary administrator under appointment of the court. His pretensions to five per cent. commissions on the whole appraised value of the estate are extravagant. The preceding administrators who were in office four years and who had virtually closed the administration, were allowed two and a half per cent. on the amount of the inventory. For the brief space of his administration during which there were but a few simple acts to be performed, his charge of five per cent. commissions on the whole value of the estate is totally unwarranted by law. In creating the office of public administrator, the Legislature can not have intended to sanction the spoliation of successions.

APPEAL from the Parish Court, parish of Caddo. *Cresswell, J. Land & Taylor*, for opponent and appellee. *Kilpatrick & Pegues*, for administrator and appellant.

TALIAFERRO, J. The Public Administrator of the parish was appointed to administer the estate of Hart, upon the death of Hoss and Elder, who were appointed to that office upon the opening of the succession and who continued their functions until the period of their respective deaths. Elder died in December, 1872, and Hoss in September, 1873. During an administration of nearly four years, all the debts, with but few exceptions were paid. At the time of the death of Hoss, a suit was pending in the Supreme Court for the estate between Cornelia Hart, widow of deceased and tutrix of her minor children, and the collateral kindred of E. Hart. The estate being solvent, no further administration was necessary after the recognition and putting in possession of the heirs which took place in the spring of 1874.

The Public Administrator about that time, in conformity with the decree of the Supreme Court, surrendered the property to the heirs and filed his final account. He charged five per cent. commissions on the amount of the inventory $68,308 50, less $409 50 cash received, leaving a balance of $3,005 92. He charges himself with $606 25, amount of rents received for the year 1873. He then credits himself with the sum of $71 25, cash paid out, and $125 50 amount account of one Smith, leaving a balance of $409 50, taken as above stated from the amount of commissions charged. He puts down as privileged claims:

Succession of Hart.

Smith, for repairs $125 50; Gilmore, auctioneer $15 25; Crain, for survey $77; Hatch, clerk ———; unpaid ———; telegram for advertising this account $6.

Cornelia Hart, tutrix, opposed this account in several of its items as follows, viz: surveyor's fees, greater than allowed by law. The item $125 allowed Smith, the same not being due as lessee of the Hart Island plantation. She opposes the account because the administrator does not charge himself with commissions received by him on collections in suits of Hoss and Elder administrators v. George J. Jones, amounting to about $250. She opposes the charge of five per cent. commissions on the amount of property mentioned, because, first—the succession had been previously administered three or four years by Hoss and Elder co-administrators; second—because the administration of the Public Administrator was only a partial and temporary one from October, 1873, to March, 1874, and during that brief period performed only a few acts of simple administration; third—that it is only in cases where a public administrator opens, fully administers and closes a succession, that he is allowed five per cent. commissions.

On the trial of the opposition in the court below, it was sustained as to the five per cent. commissions claimed on the amount of inventory. The administrator was allowed $239 80, as five per cent. commissions on collections during his administration, and the further sum of $606 25, amount of rents received as compensation for his partial administration, making the full sum of $345 05.

From this judgment the administrator has appealed. The opponent asks an amendment of the judgment in this court.

We think the administrator entitled only to two and a half per cent. commissions on collections. He was acting in the capacity of an ordinary administrator under appointment of the court. His pretensions to five per cent. commissions on the appraised value of the estate were extravagant. The administrators who were in office four years and who had virtually closed the administration were allowed two and a half per cent. on the amount of the inventory. For the brief space of his administration during which there were but a few simple acts to be performed, his charge of five per cent. commissions on $68,308 50 is totally unwarranted by law. We are as incredulous as the judge *a quo* who could not believe that the legislature, in creating a public office for public purposes, intended a "spoliation" of successions. The amount allowed as commissions for collections, viz: $239 80, we reduce to half that sum.

It is therefore ordered that the judgment of the Parish Court be amended by reducing the allowance of $239 80 as commissions for collections to $119 90 and as thus amended that the judgment be affirmed.